IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Dalereno Rochelle,     :
                    Petitioner   :
    :
          v.              :    No. 399 C.D. 2025
    :    Submitted: June 16, 2026
Unemployment Compensation   :
Board of Review,            :
                 Respondent   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: August 4, 2026


William Rochelle (Claimant), pro se, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board), denying his request for reconsideration of a Board order that affirmed a Referee's Decision, which dismissed Claimant's appeal of a determination as untimely. Because Claimant did not offer any new evidence with his request for reconsideration and failed to show good cause, we are constrained to affirm the Board's Order.

Claimant applied for UC benefits. (Certified Record (C.R.) at 3-12.) On August 22, 2023, the Department of Labor and Industry issued determinations finding Claimant was ineligible for Mixed Earner Unemployment Compensation, and was responsible for a fault overpayment of $3,350, as well as assessing 30 penalty weeks and a 15% penalty. (*Id.* at 14, 28; Referee's Decision, Findings of Fact (FOF) ¶ 1.)

Claimant appealed the determinations on September 18, 2024, over a year after the deadline, and a hearing was scheduled before a Referee for January 14, 2025. (C.R. at 46, 61.)[1] At the hearing, Claimant testified he was "between addresses at the time of any mail forwarding that was going on," and that if his appeal was untimely, it was because he received the documents late. (*Id.* at 76.) The Referee dismissed Claimant's appeal as untimely. (*Id.* at 81.) Claimant appealed to the Board, which affirmed. (*Id.* at 95-97, 107.)[2] In doing so, the Board reasoned:

> [C]laimant failed to establish a sufficient reason to treat his appeal as timely. At the hearing, [][C]laimant testified that he moved "off and on between '21 and '23" and "was between residences." According to [][C]laimant, he moved multiple times. . . . While [C]laimant referred to "any mailing forwarding that was going on," he did not establish that he actively set anything up with the United States Postal Service. . . . Likewise, he did not establish when or if he updated his addresses with [] UC authorities. [][C]laimant's vague testimony does not justify his failure to timely comply with the [UC] Law.[3]

(Board's Order at 1-2.) On March 1, 2025, Claimant requested reconsideration because he "ha[d] evidence that [the d]etermination notices were undeliverable" and "ha[d] additional testimony for the record." (C.R. at 131.) On March 12, 2025, the Board issued an Order denying Claimant's request for reconsideration and declared the order issued on February 25, 2025, "stands as final." (*Id.* at 135.) Claimant filed a petition for review of that Order in this Court.

---

[1] The hearing involved appeals from numerous determinations. Relevant here was docket number 2024078323-RO, which is an appeal of the determination assessing penalty weeks and a 15% penalty.

[2] The Board adopted and incorporated the Referee's findings and conclusions subject to some modifications for correction of dates. (C.R. at 107.) It also added that "[t]here is no evidence that the [d]eterminations were returned as undeliverable." (*Id.*)

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

2

Claimant argues that his appeal should not have been dismissed as untimely because, "through no fault of [his] own," he did not receive the notice. (Claimant's Brief (Br.) at 8.) Specifically, he asserts the address where the determinations were sent was "incomplete," as it was a multi-family residential building with separate mailboxes. (*Id.* at 6-7.) Claimant asserts he moved from the West Mifflin address, where the determinations were sent, in 2021 and resided at a Pittsburgh address at the time in question. (*Id.* at 7.) Claimant further asserts he updated his address with the United States Postal Service and Pennsylvania Department of Transportation and, "[u]pon learning of the issue, [Claimant] contacted [UC authorities], [] updated [his] address[,] and filed an appeal." *(Id.)* Claimant asserts that he was not negligent, and the COVID-19 pandemic caused him to change housing circumstances. (*Id.*) Claimant does not address why he could not have produced this information at the hearing.[4]

In response, the Board argues that, in his request for reconsideration, Claimant did not assert he had evidence that was unavailable at the time of the hearing and because there was no newly discovered evidence to be presented, the Board did not abuse its discretion in denying Claimant's request for a new hearing. (Respondent's Br. at 4.) Under our limited review, we are constrained to agree.

According to the Board's regulations, reconsideration "will be granted only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code § 101.111(b). "In determining whether 'good cause' exists, the [Board] must consider whether the party requesting reconsideration has presented new evidence of changed circumstances or whether [the Board] failed to consider relevant law." *Laster v. Unemployment Comp. Bd. of Rev.*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013).

---

[4] Claimant's brief asserts his initial appeal was timely. However, the singular issue before us is whether the Board abused its discretion in denying reconsideration.

3

The decision to grant or deny a request for reconsideration is a matter of administrative discretion, and, therefore, this Court's scope of review is limited to determining whether the agency abused its discretion. *See Georgia-Pac. Corp. v. Unemployment Comp. Bd. of Rev.*, 630 A.2d 948, 951 (Pa. Cmwlth. 1993). "An abuse of discretion is not present where evidence which the [Claimant] proposes to adduce at the rehearing was available at the time of the initial hearing." *Bushofsky v. Unemployment Comp. Bd. of Rev.*, 626 A.2d 687, 690 (Pa. Cmwlth. 1993).

In his brief, Claimant argues his address was incomplete so he could not have received the determinations and could not have timely appealed. However, as the Board found, Claimant did not present any testimony or evidence that Claimant changed his address with the United States Postal Service or the Department of Transportation, claims he now asserts for the first time. Claimant was afforded an opportunity at the initial hearing to explain why his appeal was late. After the Board rejected Claimant's explanation, as was its province as the factfinder, *Woodring v. Unemployment Compensation Board of Review*, 284 A.3d 960, 963 (Pa. Cmwlth. 2022), Claimant sought reconsideration. In his request, Claimant simply stated he "ha[d] evidence that [the d]etermination notices were undeliverable" and "ha[d] additional testimony for the record." (C.R. at 131.) Claimant did not signal that the alleged evidence was not available at the time of the initial hearing. Thus, under our precedent, Claimant did not establish good cause. *Laster*, 80 A.3d at 834. Because the Board is the ultimate factfinder and there is no evidence that the Board abused its discretion in denying Claimant's reconsideration, we are constrained to affirm the Board's Order. *See Woodring*, 284 A.3d at 963.

_____
RENÉE COHN JUBELIRER, President Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Dalereno Rochelle,       :
                  Petitioner    :
                             :
             v.            :    No. 399 C.D. 2025
                             :
Unemployment Compensation   :
Board of Review,             :
                  Respondent   :

# **O R D E R**

NOW, August 4, 2026, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge